## PLEISS v. MAULE.

### March 21, 1838.

*Rule to show cause why a new trial should not be granted.*

1. M. gave an order on T. in favour of P. for one hundred dollars in goods, which was accepted. P. presented it, but the goods were refused, of which

[Pleiss v. Maule.]

he notified M., who offered to procure other goods for him. *Held* that P. might recover the amount of M. on a common money count in assumpsit.

2. But otherwise, if the order had not been presented, and there was no evidence of the consideration of the giving of the order.

THIS was a rule to show cause why a new trial should not be granted.

The action was in assumpsit, brought to recover one hundred and fifty dollars and interest, the amount of two orders, as follows:—

1. "Thibault & Brothers,—On demand, please pay to John M. Pleiss, or order, fifty dollars, in such jewelry as may suit a purchaser, and charge the same to account of due bill dated 15th December, 1834.

$50.                                    C. MAULE.

April 18, 1836.                Accepted, *Thibault & Brothers.*
Endorsed, John M. Pleiss."

2. "Thibault & Brothers,—On demand, please to pay John M. Pleiss or bearer, one hundred dollars in watches or a watch, as may suit a purchaser, and charge the same to account of me, as per due bill, 15th December, 1834.

$100.                                   C. MAULE.

April 18th, 1836.              Accepted, *Thibault & Brothers.*"

The plaintiff declared on the two above orders as bills of exchange, and added counts for goods sold and delivered; money lent to defendant; money paid for defendant; money had and received; and on an account stated. Defendant pleaded *non assumpsit* and payment, and on the trial, the plaintiff proved by John Siser, a witness, the defendant's signature to the two orders, that the one for one hundred dollars had been presented by him some weeks after its date, and a lever watch asked for, which was promised but not obtained; that the other order was never in his possession, nor did he know that it was presented. That Thibault and Brothers kept a jewelry store in Chestnut near Fifth Street, had jewelry and watches, but no patent lever watches.

Plaintiff also gave in evidence a note from the defendant to him, as follows:

[Pleiss v. Maule.]

"I have seen Thibault & Brothers as you requested me; they say that if you will wait fifteen days, they will furnish a watch that will suit, or they will immediately give you an order on a wholesale liquor store for one hundred dollars; for further information apply to them, or I shall be at the court-house to-morrow morning about half past ten o'clock.

September 19, 1836."

This was the whole of plaintiff's evidence, and defendant gave none.

The jury gave a verdict for plaintiff for amount of both orders and interest.

*Hopkins,* for the defendant, cited 10 *Johns.* 418, Saxton *v.* Johnson; 2 *Wharton Rep.* 233, Reeside *v.* Knox; Carlos *v.* Fancourt, 5 *D. & E.* 482.

*I. Norris,* contra, cited Paine *v.* Jenkins, 19 *E. C. L. R.* 404; Knowles *v.* Michel, 13 *East.* 249.

The opinion of the court was delivered by

STROUD, J.—I entertained no doubt on the trial, and so instructed the jury, that the evidence in regard to the presentation of the order of one hundred dollars to Messrs. Thibault, and their refusal to deliver a watch of the description requested by the witness, coupled with the letter of the defendant of September 19, 1836, would authorize a verdict for the plaintiff, on one of the common money counts. Dutch *v.* Warren, cited by Lord Mansfield in Moses *v.* Macfarland, 2 *Burr.* 1010–11; Smith *v.* Smith, 2 *Johns. Rep.* 235; fully warrant this conclusion.

But in respect to the other order, there was no evidence supplementary to the proof of its genuineness. It had never been presented, nor was there any evidence showing the consideration upon which it was given. It was plainly therefore not recoverable upon the special count, and according to Saxton *v.* Johnson, 10 *Johns. Rep.* 418, it did not sustain either of the money counts.

The rule for a new trial must therefore be made absolute.

PETTIT, *President,* was absent from indisposition.

Rule absolute.